WOODROW LEE TRUST, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 15563.   Promulgated August 16, 1929.

*Don F. Reed, Esq.*, for the petitioner.
*Bruce A. Low, Esq.*, and *L. H. Rushbrook, Esq.*, for the respondent.

OPINION.

ARUNDELL: The respondent's determination that the petitioner was an operating trust, taxable as a corporation, was made on March 9, 1926, based upon I. T. 2061 (C. B. III–2, p. 5), published August 11, 1924, as the result of the decision rendered in *Hecht* v. *Malley*, 265 U. S. 144. The provisions of I. T. 2061 applied to the Revenue Act of 1918, under which the petitioner filed its return on March 24, 1921.

Subsequent to the publication of I. T. 2061, the Revenue Act of 1928 was enacted, section 704 (a) of which provides:

SEC. 704. TAXABILITY OF TRUSTS AS CORPORATIONS—RETROACTIVE.

(a) If a taxpayer filed a return as a trust for any taxable year prior to the taxable year 1925 such taxpayer shall be taxable as a trust for such year and not as a corporation, if such taxpayer was considered to be taxable as a trust and not as a corporation either (1) under the regulations in force at the time the return was made or at the time of the termination of its existence, or (2) under any ruling of the Commissioner or any duly authorized officer of the Bureau of Internal Revenue applicable to any of such years, and interpretative of any provision of the Revenue Act of 1918, 1921, or 1924, which had not been reversed or revoked prior to the time the return was made, or under any such ruling made after the return was filed which had not been reversed or revoked prior to the time of the termination of the taxpayer's existence.

Section 704 (a) of the 1928 Act being retroactive to taxable years prior to 1925, our problem is to determine whether the petitioner comes within any of its provisions.

An examination of the Bureau's rulings published in cumulative bulletins for the period commencing in April, 1919, and ending in June, 1921, discloses that without a single exception the matter of control vested in beneficiaries under a trust was the basis used by the Bureau for determining whether a particular organization was in fact an association, taxable as a corporation, or a trust. This may be illustrated by the following statements appearing in rulings of the Bureau during that period:

The question as to whether a trust of this nature is taxable as an association, under the several acts enumerated, depends upon the extent of the powers reserved to the holders of the certificates of beneficial interest to regulate the management of the affairs of the trust. Where the beneficiaries do not retain any substantial control over the affairs of the trust, it is held not to be an association or taxable as such. (S. M. 1205, C. B. No. 1 (April–December, 1919), p. 7.)

It is the extent of the control vested in beneficiaries under a trust agreement, rather than the extent to which such control is exercised, that is determinative of the question whether the trust is in fact an association within the meaning of the Revenue Act of 1918. (O. D. 407, C. B. No. 2 (January–June, 1920), p. 11.)

Whether or not a trust of the general nature of the one in the instant case is to be regarded as an association under the Revenue Act of 1918, depends upon the degree of control which the beneficiaries exercise over the management of the trust. (S. M. 1068, 1242). (Sol. Op. 56, C. B. No. 3 (July–December, 1920), pp. 10, 11.)

It has been consistently held that it is the extent of the control vested in beneficiaries under a trust agreement that is determinative of the question whether the trust is in fact an association. (Art. 1504, Reg. 45; O. D. 407, C. B. 2, p. 11; S. 1337, C. B. 2, p. 9.) (O. D. 931, C. B. No. 4 (January–June, 1921), pp. 11, 12.)

Other published rulings of the Bureau during the same period are to the same effect. S. M. 1068, C. B. No. 1, p. 5; S. M. 1337, C. B. No. 2, p. 9; O. D. 598–A, C. B. No. 3, p. 9; Sol. Op. 49, C. B. No. 3, p. 13.

No evidence was offered by the respondent to show that any of the rulings referred to above were reversed or revoked prior to the date the petitioner filed its return. That none of them were not only not reversed nor revoked prior to that date, but that the rule announced therein continued in effect in the Bureau for several years thereafter, seems apparent from G. C. M. 6417, published in Internal Revenue Bulletin No. 25, of Volume VIII, June 24, 1929, wherein it is said:

* * * The Department, relying on *Crocker* v. *Malley* (249 U. S. 223, T. D. 2816), had previously ruled that control by the beneficiaries was essential in order that a trust should be classified as an association. * * *

*     *     *     *     *     *     *

\* \* \* The most that can fairly be said is that \* \* \* an examination of the Bureau rulings shows that, after the decision in *Crocker* v. *Malley* [March 17, 1919] and prior to the decision in *Hecht* v. *Malley* [May 12, 1924], a trust was not, by the Department, "*considered* to be taxable as a \* \* \* corporation \* \* \* under the regulations in force" unless the beneficiaries, in some sense, did control the trust.

Having concluded that under rulings of the Bureau not reversed or revoked prior to March 24, 1921, the date petitioner's return was filed, the question of whether a particular organization was a trust or an association was determined by the Bureau by the degree of control vested in beneficiaries under the trust agreement, there remains for determination the question of whether the shareholders of petitioner were, under the declaration of trust, empowered to exercise a substantial amount of control over the affairs of the trust.

Under the provisions of the trust agreement, as pointed out in our prior decision, the trustees, pending the conversion of the trust property into money and the distribution of the proceeds to the certificate holders, had unrestricted power and authority to manage and operate the trust property. The trustees were appointed for the life of the trust and no provision was made in the declaration of trust for meetings of shareholders. The control reserved to the beneficiaries was limited to the approval by a majority in interest of appointments made by the trustees to fill vacancies on the board of trustees and modifications of the trust agreement. None of the powers reserved to the beneficiaries pertained to the actual management and operation of the trust property. All of them had to be exercised jointly with the trustees.

Under three of the trust agreements construed in S. M. 1068, *supra*, the shareholders had the exclusive right to fill vacancies on the board of trustees, notwithstanding which, however, the Bureau held the taxpayers to be taxable as trusts. The power of beneficiaries of a trust to suggest to the court a successor trustee was not in the case decided in O. D. 620, C. B. No. 3, p. 9, regarded by the Bureau to be a sufficient amount of control to classify the organization as an association. In both O. D. 790, C. B. No. 4, p. 10, and S. M. 1337, *supra*, the Bureau held the taxpayers to be trusts regardless of provisions in the declarations of trust giving the beneficiaries of the trusts authority to pass upon amendments made by the trustees to the trust agreements. Powers such as were vested in the shareholders of the trust agreement before us are not, under the provisions of article 1504, Regulations 45, sufficient control in the beneficiaries of a trust to classify it as an association.

In *Wilkins & Lange*, 15 B. T. A. 1183, where the shareholders of the trust reserved the right to increase or decrease the number of shares of the trust; to approve any changes made by the trustees in

the number of trustees, and to fill any vacancy on the board of trustees, we held, following *E. A. Landreth Co. et al.*, 15 B. T. A. 655, that under the Bureau's rulings applicable to the year 1920, the taxpayer was a trust and not an association. No greater amount of control was vested in the beneficiaries of the trust before us here than was reserved to the shareholders under the trust agreement involved in the *Wilkins & Lange* case.

It is our opinion that under the provisions of section 704 (a) of the Revenue Act of 1928, the petitioner, during the period in question, is taxable as a trust and not as an association. Accordingly, our decision promulgated January 18, 1929, is overruled, and

> *Judgment of no deficiency will be entered for the petitioner.*