VAN CLEAVE TRUST, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 13584, 13585, 30673.   Promulgated December 12, 1929.

*Charles Markell*, *Esq.*, and *Charles H. Schnepfe*, *Jr.*, *C. P. A.*, for the petitioner.

*F. R. Shearer*, *Esq.*, for the respondent.

488

OPINION.

Love: At the hearing of this proceeding it was submitted and argued by counsel for the petitioner and counsel for the respondent on the hypothesis that the Van Cleave Oil Co. and its successor, the Van Cleave Trust, although different legal entities, nevertheless were in fact one and the same business unit, and therefore, notwithstanding the fact that the deficiencies in taxes for the years 1920, 1921, and 1922 were assessed against the Van Cleave Oil Co., and the deficiency notices mailed to that organization, nevertheless, by reason of the fact that the Van Cleave Oil Co. had not been in existence since August 14, 1920, and the Van Cleave Trust had exercised the management and control of the property and business formerly owned and managed by the Van Cleave Oil Co., and received for itself all the income from said business, the Van Cleave Trust had a right in its own name and behalf to respond to the deficiency notice mailed by the Commissioner to the Van Cleave Oil Co., and defend in this proceeding.

It is clear that the Van Cleave Oil Co. and the Van Cleave Trust are two separate and distinct legal entities, and being such, the situation here is that the entity against which the taxes in question were assessed, and to which the deficiency notices were mailed, has not appealed to the Board, and is not before the Board.

In view of and following the doctrine announced by the Board in a number of cases, we must hold that for the years 1920, 1921, and 1922 the Board is without jurisdiction to adjudicate the issues involved, and, therefore, as to those three years, the proceeding is dismissed for lack of jurisdiction. See *Bond, Inc.*, 12 B. T. A. 339. *Engineers Oil Co.*, 14 B. T. A. 1148. *Sanborn Brothers, Successors, etc.*, 14 B. T. A. 1059. *Gideon-Anderson Co.*, 18 B. T. A. 329.

With reference to the year 1923, the situation is different. For that year the tax was assessed against the Van Cleave Trust, the

deficiency notice was mailed to that organization and it has appealed to the Board. The return for that year was made by the Van Cleave Trust, as a trust. The Commissioner held that it was not a trust, but was an association, and taxable as a corporation, and based his determination of the deficiency on that holding. The petitioner contends that it was a trust, but says that, in the event it be held that in its organization and operation it fell short of qualifying as a trust under the late decisions of the Board, as well as of the courts, yet it did meet the test required by the Commissioner during the year in question, and that, therefore, section 704 of the Revenue Act of 1928 applies and must govern the decision. That section prescribes:

SEC. 704. TAXABILITY OF TRUSTS AS CORPORATIONS—RETROACTIVE.

(a) If a taxpayer filed a return as a trust for any taxable year prior to the taxable year 1925 such taxpayer shall be taxable as a trust for such year and not as a corporation, if such taxpayer was considered to be taxable as a trust and not as a corporation * * * under any ruling of the Commissioner or any duly authorized officer of the Bureau of Internal Revenue applicable to any of such years, and interpretative of any provision of the Revenue Act of 1918, 1921, or 1924, which had not been reversed or revoked prior to the time the return was made, or under any such ruling made after the return was filed which had not been reversed or revoked prior to the time of the termination of the taxpayer's existence.

The issue in this case is the same as that raised and decided in *E. A. Landreth Co. et al.*, 15 B. T. A. 655, and *Wilkens & Lange*, 15 B. T. A. 1183. In the *Landreth* case, the Board reviewed the material facts and examined in meticulous detail the regulations, and the rulings of the Commissioner and other duly authorized officers of the Bureau of Internal Revenue which had not been reversed or revoked prior to the time the return was made or prior to the time of the termination of the taxpayer's existence. We found such rulings to be those included in the Cumulative Bulletins issued from time to time on the authority of the Bureau of Internal Revenue, and, from the consideration of them in connection with the facts before us in that case, we arrived at the conclusion that:

Beginning in the year 1919 and up to and including the period July–December, 1922, the Bureau of Internal Revenue was consistently ruling that irrespective of whether the taxpayer was engaged in business under corporate forms, it was taxable as a trust where the shareholders could not control the actions of the trustees; * * *.

and that being the case, we found for the petitioner.

Our decision in *Wilkens & Lange*, *supra*, followed that in *Landreth*, *supra*, but inasmuch as our pronouncement went only so far as the period ended with December, 1922, and, further, there being involved in the instant case the tax return for 1923, filed, as stipulated for the purposes of this proceeding only, on or before March 15, 1924, therefore we have examined Cumulative Bulletins succeed-

ing the year 1922 and have found no ruling, and none has been cited, reversing or revoking earlier rulings on this point, but rather, those so found have reiterated or been confirmatory of them. Therefore, we extend our pronouncement in the *Landreth* case, as set forth above, to include the period to July 1, 1924, and we find for the petitioner on this point and hold that for the year 1923 it was entitled to be taxed as a trust.

Reviewed by the Board.

*Judgment of no deficiency for the year 1923 will be entered for the petitioner.*