MARY L. DUTTON, JANE LEFURGY, AND W. E. LINDBLAD, TRUSTEES OF ONTRA CAFETERIA, A TRUST, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 40978. Promulgated February 14, 1930.

*J. F. Sarley, Esq.,* and *Jasper F. Rommel, Esq.,* for the petitioners.

*Arthur H. Murray, Esq.,* for the respondent.

1152

1156

OPINION.

LANSDON: The only question to be determined in this proceeding is whether the petitioners are taxable as a trust or as a corporation. The deficiencies involved herein result from the respondent's determination that the Ontra Cafeteria Trust was in fact an association taxable as a corporation in accordance with section 2 (a) of the Revenue Acts of 1924 and 1926.

The petitioners contend that the Ontra Cafeteria is taxable as a trust and that in any event, since they were considered to be a " pure trust " by the Commissioner at the time the return for 1924 was made, they are entitled to the relief provided for in section 704 (a) of the Revenue Act of 1928, which provides as follows:

If a taxpayer filed a return as a trust for any taxable year prior to the taxable year 1925 such taxpayer shall be taxable as a trust for such year and not as a corporation, if such taxpayer was considered to be taxable as a trust and not as a corporation either (1) under the regulations in force at the time the return was made or at the time of the termination of its existence, or (2) under any ruling of the Commissioner or any duly authorized officer of the Bureau of Internal Revenue applicable to any of such years, and interpretative of any provision of the Revenue Act of 1918, 1921, or 1924, which had not been reversed or revoked prior to the time the return was made, or under any such ruling made after the return was filed which had not been reversed or revoked prior to the time of the termination of the taxpayer's existence.

Similar questions were before the Board in *Van Cleave Trust*, 18 B. T. A. 486; *E. A. Landreth Co. et al.*, 15 B. T. A. 655; and *Wilkens & Lange*, 15 B. T. A. 1183. In the *Landreth* case we found for the petitioner and held that up to and including the period July–December, 1922, the Bureau of Internal Revenue was consistently ruling that irrespective of whether the taxpayer was engaged in business under a form similar to that of a corporation, it was taxable as a trust where the shareholders could not control the actions of the trustees. We extended the above pronouncement in the *Van Cleave* case to include the period to July 1, 1924, and held that the petitioner in that case was entitled to be taxed as a trust. We are here called upon to decide a similar question with respect to the year 1924, the tax return for which was filed on or before March 15, 1925.

The regulations promulgated under the Revenue Act of 1924 were approved on October 6, 1924, and provide that "All rulings incon-

sistent herewith are hereby revoked." Article 1504 of Regulations 65 provides:

*Association distinguished from trust.*—Holding trusts, in which the trustees are merely holding property for the collection of the income and its distribution among the beneficiaries, and are not engaged, either by themselves or in connection with the beneficiaries, in the carrying on of any business, are not associations within the meaning of the law. The trust and the beneficiaries thereof will be subject to tax as provided in articles 341–347. Operating trusts, whether or not of the Massachusetts type, in which the trustees are not restricted to the mere collection of funds and their payments to the beneficiaries, but are associated together in much the same manner as directors in a corporation for the purpose of carrying on some business enterprise, are to be deemed associations within the meaning of the Act, regardless of the control exercised by the beneficiaries.

The parties have stipulated that I. T. 2061 (C. B. III–2, p. 5) was issued on July 10, 1924, and that Treasury Decision 3598 (C. B. III–1, p. 489) was issued on July 7, 1924. It is clear from the following quotation of Treasury Decision 3598 that the Internal Revenue Bureau's position was thereby reversed:

*Trusts.*—Two distinct classes of trusts are recognized by the Department, namely, holding trusts and operating trusts.

Holding trusts are those in which the trustees are merely hold'ng property for the collection of the income and d'stributing it among the beneficiaries and are not engaged, either by themselves or in connection with the beneficiaries, in the carrying on of any business. Such trusts are not associations within the meaning of the law and are not subject to the tax.

Operating trusts are those in which the trustees are not restricted to the mere collection of funds and paying them over to the beneficiaries but are associated together in much the same manner as directors in a corporation for the purpose of, and are actually engaged in, carrying on some business enterprise. These trusts, whether of the Massachusetts type or otherwise, are to be deemed associations within the meaning of the Act, *independently of any control exercised by the beneficiaries, and subject to the tax.*   (Italics ours.)

I. T. 2061 provides:

The general rule in regard to holding trusts and operating trusts which is announced in the decision of the Supreme Court of the United States in the case of *Hecht* v. *Malley* and in Treasury Decision 3598 (C. B. III–1, 489) is applicable under all titles of the Revenue Acts of 1918 and 1921.

The facts disclose that for the years 1920 and 1921 the petitioners were considered to be taxable as a trust. For the years 1922 and 1923 the petitioners filed income-tax returns as a trust, which were subsequently rejected by the Commissioner and deficiencies were asserted taxing them as an association. After an appeal to the Board had been filed and after the Revenue Act of 1928 had been approved, the parties stipulated that there were no deficiencies for the years 1922 and 1923.

We conclude that the petitioners were not considered to be taxable as a trust under the regulations in force at the time the return for

1924 was made or under any ruling of the Commissioner or any duly authorized officer of the Bureau of Internal Revenue which had not been reversed or revoked prior to the filing of the return, and that they are not entitled to the relief provided for in section 704 of the Revenue Act of 1928.

The petitioners contend that the Ontra Cafeteria is a trust within the meaning of section 219 of the Revenue Acts of 1924 and 1926, and that it is taxable as such and not as a corporation. This Board and the courts have passed upon similar questions on numerous occasions and it has uniformly been held where the trustees, through corporate or association forms, are engaged in carrying on a business and are not merely holding property for the collection and distribution of income therefrom that they constitute an association taxable as a corporation, irrespective of the control exercised by the beneficiaries. *Hecht* v. *Malley*, 265 U. S. 144; *Burk-Waggoner Oil Association* v. *Hopkins*, 269 U. S. 110; *Little Four Oil & Gas Co.* v. *Lewellyn*, 29 Fed. (2d) 137; *White* v. *Hornblower*, 27 Fed. (2d) 777; *J. W. Pritchett et al., Trustees*, 17 B. T. A. 1056; *Extension Oil Co.*, 16 B. T. A. 1028; *E. A. Landreth Co., supra; Alexander Trust Property*, 12 B. T. A. 1226; *Durfee Mineral Co.*, 7 B. T. A. 231; and *Anderson Steam Vulcanizer Co.*, 6 B. T. A. 737.

The petitioners, as trustees, are engaged in carrying on a business in much the same manner as directors of a corporation, and, upon authority of the above cases, which we think are controlling here, the determination of the respondent that they are taxable as a corporation is approved.

*Decision will be entered for the respondent.*