COMMERCIAL TRUST CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 31926, 31927. Promulgated February 19, 1930.

*Eustis Myres, Esq.,* and *D. F. Reed, Esq.,* for the petitioner.
*A. H. Fast, Esq.,* and *Harold D. Thomas, Esq.,* for the respondent.

1250

1252

OPINION.

SMITH: The respondent has determined that both the petitioner and the Lone Star Realty Co. are taxable as associations during the taxable years involved and has assessed the deficiencies so determined against the petitioner. The deficiencies of the Lone Star Realty Co. for the years 1922 and 1923 have been assessed against the petitioner upon its liability as transferee of the assets of that company. The petitioner contends that neither it nor the Lone Star Realty Co. is taxable as an association for either of the taxable years involved. In this contention it relies chiefly upon the provisions of section 704 of the Revenue Act of 1928, which reads in part as follows:

(a) If a taxpayer filed a return as a trust for any taxable year prior to the taxable year 1925 such taxpayer shall be taxable as a trust for such year and not as a corporation, if such taxpayer was considered to be taxable as a trust and not as a corporation either (1) under the regulations in force at the time the return was made or at the time of the termination of its existence, or (2) under any ruling of the Commissioner or any duly authorized officer of the Bureau of Internal Revenue applicable to any of such years, and interpretative of any provision of the Revenue Act of 1918, 1921, or 1924, which had not been reversed or revoked prior to the time the return was made, or under any such ruling made after the return was filed which had not been reversed or revoked prior to the time of the termination of the taxpayer's existence.

The application of this section of the statute was carefully considered by the Board in *E. A. Landreth Co.*, 15 B. T. A. 655, where we held that by virtue thereof an organization similar to the petitioner herein and the Lone Star Realty Co. was taxable as a trust and not as a corporation or association for the years 1921 and 1922. We said in that case that under the rulings referred to in the statute, in effect from the beginning of the calendar year 1922 until December, 1922, the Bureau of Internal Revenue was consistently holding that a taxpayer was taxable as a trust in all cases where the shareholders did not control the actions of the trustees, irrespective of whether the taxpayer was engaged in business under corporate form. See also *Wilkens & Lange*, 15 B. T. A. 1183. In *Van Cleave Trust*, 18 B. T. A. 486, we held that the Bureau rulings in effect up to July 1, 1924, conformed to those of the prior years considered in the *Landreth* case.

After careful consideration of the organization and operation of the petitioner and the Lone Star Realty Co., hereinafter more fully discussed, and the Bureau rulings in effect when the returns in question were filed, we think that our decisions in the *Landreth* and *Van Cleave Trust* cases govern, and we therefore hold that for the taxable years 1922 and 1923 both the petitioner and the Lone Star

Realty Co. are taxable as trusts and not as corporations or associations. See also *Woodrow Lee Trust*, 17 B. T. A. 109.

We are unable to determine, from the very confusing record before us, petitioner's status as transferee of the Lone Star Realty Co. However, irrespective of its position in that regard, it is apparent that it is not liable for any additional tax based upon the theory advanced by the respondent, either on its own behalf or on behalf of the Lone Star Realty Co.

As to the taxable year 1924, which is also before us, the situation is different. The petitioner filed its return for that year on March 14, 1925. Prior to that date the Bureau of Internal Revenue as a result of the decision of the Supreme Court in *Hecht* v. *Malley*, 265 U. S. 144, had changed its rulings both for capital-stock tax and income-tax purposes with respect to the differentiation of trusts and associations taxable as corporations.

The decision in the *Hecht* v. *Malley* case was rendered May 12, 1924, and was promulgated as a Treasury Decision on May 28, 1924 (T. D. 3599, C. B. III–1). On June 7, 1924, Treasury Decision 3598 (C. B. III–1, 489), amending the capital-stock-tax regulation, was issued, reading as follows:

CAPITAL STOCK TAX—LIABILITY OF TRUSTS.

TREASURY DEPARTMENT,
OFFICE OF COMMISSIONER OF INTERNAL REVENUE,
*Washington, D. C.*

*To Collectors of Internal Revenue and Others Concerned:*

In order to give effect to the decision of May 12, 1924, by the United States Supreme Court in the case of *Hecht* v. *Malley* and in the other cases named therein (Nos. 99, 100, 101, and 119—October Term, 1923), article 7 of Regulations 50 (revised edition, approved June 21, 1920) and article 8 of Regulations 64 are amended so as to read as follows:

*Trusts.*—Two distinct classes of trusts are recognized by the Department, namely, holding trusts and operating trusts.

Holding trusts are those in which the trustees are merely holding property for the collection of the income and distributing it among the beneficiaries and are not engaged, either by themselves or in connection with the beneficiaries, in the carrying on of any business. Such trusts are not associations within the meaning of the law and are not subject to the tax.

Operating trusts are those in which the trustees are not restricted to the mere collection of funds and paying them over to the beneficiaries but are associated together in much the same manner as directors in a corporation for the purpose of, and are actually engaged in, carrying on some business enterprise. These trusts, whether of the Massachusetts type or otherwise, are to be deemed associations within the meaning of the Act, independently of any control exercised by the beneficiaries, and subject to the tax.

D. H. BLAIR,
*Commisisoner of Internal Revenue.*

This ruling applicable to the capital stock tax only was extended by the publication on August 11, 1924, of an office decision (I. T. 2061, C. B. III–2, 5), to apply to all titles of the Revenue Acts of 1918 and 1921. I. T. 2061 reads as follows:

The general rule in regard to holding trusts and operating trusts which is announced in the decision of the Supreme Court of the United States in the case of *Hecht* v. *Malley* and in Treasury Decision 3598 (C. B. III–1, 489) is applicable under all titles of the Revenue Acts of 1918 and 1921.

The Revenue Act of 1924 is not mentioned in the office decision (I. T. 2061), but article 1504 of the Commissioner's Regulations 65 based on the 1924 Act was then in effect, having been approved October 6, 1924, which reads as follows:

*Association distinguished from trust.*—Holding trusts, in which the trustees are merely holding property for the collection of the income and its distribution among the beneficiaries, and are not engaged, either by themselves or in connection with the beneficiaries, in the carrying on of any business, are not associations within the meaning of the law. The trust and the beneficiaries thereof will be subject to tax as provided in articles 341–347. Operating trusts, whether or not of the Massachusetts type, in which the trustees are not restricted to the mere collection of funds and their payments to the beneficiaries, but are associated together in much the same manner as directors in a corporation for the purpose of carrying on some business enterprise, are to be deemed associations within the meaning of the Act, regardless of the control exercised by the beneficiaries. [Cf. article 1504, Regulations 62.]

The effective date for income-tax purposes of the adoption by the Bureau of Internal Revenue of the principle embodied in the *Hecht* v. *Malley* case is discussed at length in General Counsel's Memorandum 6417 (C. B. VIII–1, 152). The conclusion therein reached is stated as follows:

It is apparent from the foregoing that under the strict letter of section 704(a), the date of publication of *Hecht* v. *Malley* as a Treasury decision could well be taken as the date when its principle first became effective for income tax purposes, on the theory that the Treasury decision revoked or modified all prior inconsistent income tax rulings (and inconsistent income tax regulations, too, if there had been any such).

However, the spirit of the subsection requires that taxpayers be protected who filed returns as trusts in reasonable reliance on the Department's attitude at the time. *Hecht* v. *Malley* was a capital stock tax case, and though, on strict theory, under the general definition in the Revenue Acts that "the term 'corporation' includes associations, joint-stock companies, and insurance companies," the essential elements of an association for income tax purposes and for capital stock tax purposes must be the same, it can not be said, in view of the fact that income tax regulations and capital stock tax regulations, defining the term "association," were both in existence in somewhat different language, that either the publication of *Hecht* v. *Malley* as a Treasury decision, or the publication of Treasury Decision 3598, supra, amending the capital stock tax regulations, made it clear to taxpayers that a business trust, uncontrolled by its beneficiaries, was, for income tax purposes, "considered [by the Treasury Department] to be taxable as a  *  *  *  corporation  *  *  *  under the

regulations in force." That it was so considered was made entirely clear, however, by I. T. 2061, supra, and it is, therefore, the opinion of this office that August 11, 1924, the date of publication of that ruling, is, under section 704(a), the effective date of *Hecht* v. *Malley*, for income tax purposes, with respect both to regulations and rulings.

It suffices to say that the Commissioner's regulations and the rulings of the Bureau of Internal Revenue referred to in the *Landreth* case and others had been "reversed or revoked" in so far as necessary for the adoption by the Bureau of the principle embodied in the *Hecht* v. *Malley* decision prior to the time the petitioner filed its return for the calendar year 1924, and that the petitioner is not entitled to relief for that year under section 704 of the Revenue Act of 1928.

We must now inquire whether under the existing law, giving due consideration to *Hecht* v. *Malley, supra*, and other cases, the petitioner is taxable as a trust or as an association in the year 1924.

This question in substantially similar form was considered at length by the Board in several cases decided prior to the enactment of the Revenue Act of 1928 and therefore without reference to section 704 of that Act. The decisions in these cases have been rendered partially ineffective by operation of section 704 but, as in the instant case, where the relief provisions of section 704 are not applicable, they may be accepted as controlling.

In *Durfee Mineral Co.*, 7 B T. A. 231, we reached the conclusion, after careful consideration of *Crocker* v. *Malley*, 249 U. S. 223; *Hecht* v. *Malley, supra; Burk-Waggoner Oil Assn.* v. *Hopkins*, 269 U. S. 110, and other cases—

* * * That the better rule and the one used by the courts to-day in classifying such an organization either as a trusteeship or a partnership is the double test of (1) control, and (2) doing business, especially the latter, and that applying such double test would result in confining trusteeships to those declarations of trust where there is no control in the shareholders and the trust is not engaged in doing business.

See also *Anderson Steam Vulcanizer Co.*, 6 B. T. A. 737; *E. A. Landreth Co.*, 11 B. T. A. 1; *Trustees for Gonzolus Creek Oil Co.*, 12 B. T. A. 310; *Alexander Trust Property*, 12 B. T. A. 1226; *Woodrow Lee Trust*, 14 B. T. A. 1420; and *Extension Oil Co.*, 16 B. T. A. 1028.

In view of the foregoing, it appears that there are present many factors indicating that for the year 1924 the petitioner was taxable as an association and not as a trust. Admittedly, it was engaged in carrying on an active business during that year, but due to the state of the record, to which we have referred previously, it is not entirely clear upon what basis its business activities were predicated.

Since a hearing on the issues relative to the merits of the additional tax asserted for the year 1924 was reserved at the hearing of these proceedings, an order will be entered restoring Docket No. 31927 to the calendar for further hearing with respect to the taxable year 1924, and our decision as to petitioner's taxable status for that year will be reserved until the conclusion of that hearing.

Reviewed by the Board.

*Judgment of no deficiency for 1922 and 1923 will be entered on each docket.*