COMMERCIAL TRUST CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 31927.   Promulgated December 16, 1930.

*J. S. Y. Ivins, Esq.*, and *Eustis Myres, Esq.*, for the petitioner.
*A. H. Fast, Esq.*, for the respondent.

OPINION.

SMITH: The only question presented by this proceeding is whether a sole trustee carrying on business for the benefit of three beneficiaries, namely, himself, his wife, and his brother, is taxable as an association under section 2 of the Revenue Act of 1924, which provides that:

(a) When used in this Act—
       \*           \*           \*           \*           \*           \*           \*
(2) The term "corporation" includes associations, joint-stock companies, and insurance companies.

The Supreme Court in *Crocker* v. *Malley*, 249 U. S. 223, in holding that a certain organization constituted a trusteeship, said:

There can be little doubt that in Massachusetts this arrangement would be held to create a trust and nothing more. "The certificate holders  \*  \*  \* are in no way associated together nor is there any provision in the  \*  \*  \* [instrument] for any meeting to be held by them.  \*. \*  \*"
    \*          \*          \*          \*          \*          \*
 \*  \*  \* On the other hand, the trustees by themselves cannot be a joint-stock association within the meaning of the act unless all trustees with discretionary powers are such, and the special provision for trustees in D is to be made meaningless. We perceive no ground for grouping the two—bene-

ficiaries and trustees—together, in order to turn them into an association, by uniting their contrasted functions and powers, although they are in no proper sense associated. * * *

In *Hecht* v. *Malley*, 265 U. S. 144, in distinguishing that case from *Crocker* v. *Malley*, *supra*, the Supreme Court said:

* * * And the language used arguendo in reaching this conclusion that the trustees could not be deemed an association unless all trustees with discretionary powers are such, and that there was no ground for grouping together the beneficiaries and trustees in order to turn them into an association—is to be read in the light of the trust agreement there involved, under which the trustees were, in substance, merely holding property for the collection of the income and its distribution among the beneficiaries, and were not engaged, either by themselves or in connection with the beneficiaries, in the carrying on of any business. * * *

In the course of its opinion, the court said further, in defining the word " association," as used in the revenue acts, that:

The word " association " appears to be used in the Act in its ordinary meaning. It has been defined as a term " used throughout the United States to signify a body of persons united without a charter, but upon the methods and forms used by incorporated bodies for the prosecution of some common enterprise." I Abb. Law. Dict. 101 (1879) ; 1 Bouv. Law Dict. (Rawle's 3d Rev.) 269 ; 3 Am. & Eng. Law (2 Ed.) 162 ; and *Allen* v. *Stevens*, 33 App. Div. 485, 54 N. Y. Supp. 8, 23, in which this definition was cited with approval as being in accord with the common understanding. * * *

The respondent, relying upon *J. W. Pritchett et al., Trustees*, 17 B. T. A. 1056, contends that the petitioner is an association within the meaning of the taxing statute. In that case, however, we found that the trustees were associated and actively engaged in carrying on a business venture for profit.

The evidence in this case conclusively proves that there was no association of trustees; that there was no association of beneficiaries; that the beneficiaries did not control the actions of the trustee; that the trustee and beneficiaries were not associated, and that the petitioner did not transact business under corporate forms. The petitioner is not an " association " subject to tax as a corporation.

Reviewed by the Board.

*Judgment will be entered for the petitioner.*

---

BLACK, dissenting: I disagree with the majority opinion in this proceeding as to the year 1924. The agreement under which petitioner operated its business in 1924 is set out in full in 18 B. T. A. 1248. Also other facts regarding petitioner's conduct of its business may be found there. Upon the facts the Board has very properly held that for the years 1921, 1922, and 1923 petitioner is taxable as a trust. This is on account of the provisions of section 704 of the

Revenue Act of 1928. In my opinion, section 704 of the 1928 Act has no application to the taxable year 1924 because the facts show that petitioner's return for that year was filed March 14, 1925. At the time it was filed the Commissioner's rulings had been materially changed from what they were in former years, following the decision of the Supreme Court of the United States in *Hecht* v. *Malley*, 265 U. S. 144. I think that petitioner for the year 1924 is taxable as an association under the decision of *Hecht* v. *Malley, supra.*

I can see no material difference in petitioner's operation for the year 1924 under the trust instrument set out in 18 B. T. A. 1248, from that of the concerns which we held in *Lansdowne Realty Trust,* 20 B. T. A. 119; *Russell Tyson et al.,* 20 B. T. A. 597; and *Zenith Real Estate Trust,* 21 B. T. A. 656, to be associations and taxable as such.

In the *Russell Tyson* case, *supra,* we said:

> It was undoubtedly the intention of Congress in enacting section 704(a) of the Revenue Act of 1928, to give relief to trusts which prior to the decision of the United States Supreme Court in *Hecht* v. *Malley, supra,* had filed returns as trusts. It was also the evident intent of Congress from the date of that decision, if they functioned as an association, to tax them as such. See also *J. W. Pritchett et al.,* 17 B. T. A. 1056.

I think that the facts in this proceeding show that for the year 1924 petitioner functioned as an association and should be taxed as such. The mere fact that petitioner operated through a sole trustee does not change the situation. The important thing was that the subscribers and the sole trustee were the beneficiaries and operated their business as an association—under the so-called trust agreement.

MORRIS, MARQUETTE, STERNHAGEN, MURDOCK, McMAHON, and MATTHEWS agree with this dissent.