Lansdowne Realty Trust, Arthur H. Taber, Wendell Taber, Sturgis Coffin, Trustees, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 37478, 37479.  Promulgated June 24, 1930.

*Alonzo H. Garcelon, Esq.*, for the petitioner.
*F. R. Shearer, Esq.*, for the respondent.

OPINION.

STERNHAGEN: The deficiency is embodied in the respondent's determination that petitioner was during the years in question not a trust, taxable under section 219, Revenue Acts of 1921, 1924, and 1926, but an association within the meaning of that term as used in section 2 and therefore taxable as a corporation. The petitioner had filed fiduciary returns for those years as a trust.

The petitioner's argument is founded primarily upon an alleged similarity with the organization considered in *Crocker* v. *Malley*, 249 U. S. 223, the contention being that petitioner was not doing business, and that corporate similitude was lacking. *Hecht* v. *Malley*, 265 U. S. 144, is attempted to be distinguished. No reference is made to section 704, Revenue Act of 1928, although the trial took place in 1930.

It is clear that, as the petitioner filed its return as a trust, section 704 (a), Revenue Act of 1928, is applicable, and that by virtue of that statute it is necessary to ascertain whether the petitioner was considered to be taxable as a corporation under the regulations and rulings of the Commissioner. See *E. A. Landreth*, 15 B. T. A. 655; *Wilkens & Lange*, 15 B. T. A. 1183; *Extension Oil Co.*, 16 B. T. A. 1028; *J. W. Pritchett et al., Trustees*, 17 B. T. A. 1056; *Van Cleave Trust*, 18 B. T. A. 486; *Mary L. Dutton et al., Trustees*, 18 B. T. A. 1151. The regulations under these several acts were uniform in their provision describing associations under the statutes. Regulations 62, 65, and 69, Art. 1502. This article is as follows:

ART. 1502. *Association.*—Associations and joint-stock companies include associations, common law trusts, and organizations by whatever name known, which act or do business in an organized capacity, whether created under and pursuant to State laws, agreements, declarations of trust, or otherwise, the net income of which, if any, is distributed or distributable among the members or shareholders on the basis of the capital stock which each holds or, where there is no capital stock, on the basis of the proportionate share or capital which each has or has invested in the business or property of the organization. A corporation which has ceased to exist in contemplation of law but continues its business in corporate form is an association or corporation within the meaning of section 2, but if it continues its business in the form of a trust, it becomes subject to the provisions of section 219.

The salient features of an association under this article are that it does business in an organized capacity, and makes proportionate distribution of its income among shareholders or investors.

Article 1504 of each of these regulations is entitled "Association distinguished from trust," and because the articles differ in the several regulations, they are all set forth:

Reg. 62, Art. 1504. *Association distinguished from trust.*—Where trustees hold real estate subject to a lease and collect the rents, doing no business other than distributing the income less taxes and similar expenses to the holders of their receipt certificates, who have no control except the right of filling a vacancy among the trustees and of consenting to a modification of the terms of the trust, no association exists and the cestuis que trust are liable to tax as beneficiaries of a trust the income of which is to be distributed periodically, whether or not at regular intervals. But in such a trust if the trustees pursuant to the terms thereof have the right to hold the income for future distribution, the net income is taxed to the trustees instead of to the beneficiaries. See section 219 of the statute and articles 341–348. If, however, the cestuis que trust have a voice in the conduct of the business of the trust, whether through the right periodically to elect trustees or otherwise, the trust is an association within the meaning of the statute.

Reg. 65, Art. 1504. *Association distinguished from trust.*—Holding trusts, in which the trustees are merely holding property for the collection of the income and its distribution among the beneficiaries, and are not engaged, either by themselves or in connection with the beneficiaries, in the carrying on of any business, are not associations within the meaning of the law. The trust and the beneficiaries thereof will be subject to tax as provided in articles 341–347. Operating trusts, whether or not of the Massachusetts type, in which the trustees are not restricted to the mere collection of funds and their payments to the beneficiaries, but are associated together in much the same manner as directors in a corporation for the purpose of carrying on some business enterprise, are to be deemed associations within the meaning of the Act, regardless of the control exercised by the beneficiaries.

Reg. 69, Art. 1504. *Association distinguished from trust.*—Where trustees merely hold property for the collection of the income and its distribution among the beneficiaries of the trust, and are not engaged, either by themselves or in connection with the beneficiaries in the carrying on of any business, and the beneficiaries have no control over the trust, although their consent may be required for the filing of a vacancy among the trustees or for a modification of the terms of the trust, no association exists, and the trust and the beneficiaries thereof will be subject to tax as provided by section 219 and by articles 341–347. If, however, the beneficiaries have positive control over the trust, whether through the right periodically to elect trustees or otherwise, an association exists within the meaning of section 2. Even in the absence of any control by the beneficiaries, where the trustees are not restricted to the mere collection of funds and their payment to the beneficiaries, but are associated together with similar or greater powers than the directors in a corporation for the purpose of carrying on some business enterprise, the trust is an association within the meaning of the statute.

These articles are not so clear as by their headings they purport to be, and, except for those organizations which fall unmistakably within one class or the other, they must be interpreted not as an enumeration of express specifications, but rather as an outline of the more general attributes of the cases commonly dealt with. Used

in this way as a guide rather than a code, the articles lose some of the apparent inconsistencies which a rigid application of their language discloses. Holding trusts doing no business and occupied only in passively collecting income and distributing it are regarded as trusts; while those which are actively engaged in business, conducted by representatives of the group of holders of transferable shares acting with the essential powers of directors, are regarded as associations. The regulations are an attempt to express the rule applied in *Hecht* v. *Malley*, 265 U. S. 144 (see I. T. 2061, C. B. III–2, p. 5) and, by section 704 (a), Revenue Act of 1928, they have sanction as an official guide. The rulings[1] made by the Bureau in specific cases pursuant to these regulations have generally adhered to the view that doing business as a group by representation is a primary indication of an association.

We think the evidence brings the petitioner within the class of associations provided for in the statute, recognized in *Hecht* v. *Malley*, 265 U. S. 144; *Burk-Waggoner Oil Assn.* v. *Hopkins*, 269 U. S. 110; and *Little Four Oil & Gas Co.* v. *Lewellyn*, 29 Fed. (2d) 137, and described in the regulations and rulings of the Bureau. This group was not merely passively holding property and collecting income therefrom. It was engaged in maintaining and renting a building which it owned, being thus similar to the Hecht Real Estate Trust. That this was done through agents who took the burden of the activities makes it none the less the conduct of the group through their trustees; especially since the agents were themselves the principal trustees and beneficiaries. Nor can it be said that they were merely collecting rents during an interim before final disposition, for they were actively seeking tenants and making and renewing leases, and Coffin testified that he, a trustee, beneficiary and agent, had never considered selling the property. The trust instrument provided for little or no control by the beneficiaries and no meetings of trustees or beneficiaries were held; but these facts have little importance when it is remembered that the majority of the beneficial holders were themselves trustees and thus in control, and formal meetings were entirely unnecessary.

The Commissioner correctly held the petitioner to be taxable as an association.

*Judgment will be entered for the respondent.*

---

[1] I. T. 2061, C. B. III–2, p. 5 (1924) ; S. M. 4104, C. B. IV–2, p. 8 (1925) ; S. M. 4180, C. B. IV–2, p. 274 (1925) ; S. M. 5382, C. B. V–1, p. 8 (1926) ; G. C. M. 621, C. B. V–2, p. 5 (1926) ; G. C. M. 715, C. B. V–2, p. 7 (1926) ; G. C. M. 2405, C. B. VI–2, p. 10 (1927) ; G. C. M. 1736, C. B. VI–2, p. 11 (1927) ; G. C. M. 1881, C .B. VII–1, p. 42 (1928) ; G. C. M. 1940. C. B. VII–1, p. 46 (1928) ; G. C. M. 3412, C. B. VII–1, p. 49 (1928) ; G. C. M. 5504, C. B. VIII–1, p. 142 (1929).