WILSON TRUST, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 39383. Promulgated August 13, 1930.

*B. B. Pettus, Esq.*, for the petitioner.
*B. M. Coon, Esq.*, for the respondent.

550

OPINION.

BLACK: In this proceeding respondent has determined a deficiency against petitioner of $3,683.61 for the year 1924, stating his reasons therefor in the 60-day letter, as follows: " Your contention that your organization is a trust and not an association has been denied, inasmuch as it has the general form, mode of procedure and effectiveness in action of a corporation and the beneficiaries have absolute control of its affairs, whether or not such control has been exercised by them." Petitioner attacks this determination of the Commissioner in the following assignment of error: " (a) The Commissioner of Internal Revenue has erroneously held the Wilson Trust to be an association, taxable as a corporation within the meaning of the Revenue Act of 1924, whereas in truth and in fact it is a mere holding trust taxable under said law as a fiduciary."

Petitioner filed a fiduciary return of income for year 1924 on Form 1041, and reported thereon the amount of income of the trust, together with the amount distributed to the respective beneficiaries named therein. Consequently, in our decision in this proceeding, we must give consideration to section 704 (a), Revenue Act of 1928, which reads:

(a) If a taxpayer filed a return as a trust for any taxable year prior to the taxable year 1925 such taxpayer shall be taxable as a trust for such year and not as a corporation, if such taxpayer was considered to be taxable as a trust and not as a corporation either (1) under the regulations in force at the time the return was made or at the time of the termination of its existence, or (2) under any ruling of the Commissioner or any duly authorized officer of the Bureau of Internal Revenue applicable to any of such years, and interpretative of any provision of the Revenue Act of 1918, 1921, or 1924, which had not been reversed or revoked prior to the time the return was made, or under any such ruling made after the return was filed which had not been reversed or revoked prior to the time of the termination of the taxpayer's existence.

Article 1504, Regulations 65, Revenue Act of 1924, reads as follows:

*Association distinguished from trust.*—Holding trusts, in which the trustees are merely holding property for the collection of the income and its distribution among the beneficiaries, and are not engaged, either by themselves or in connection with the beneficiaries, in the carrying on of any business, are not associations within the meaning of the law. The trust and the beneficiaries thereof will be subject to tax as provided in articles 341–347. Operating trusts, whether or not of the Massachusetts type, in which the trustees are not restricted to the mere collection of funds and their payments to the beneficiaries, but are associated together in much the same manner as directors in a corporation for the purpose of carrying on some business enterprise, are to be deemed associations within the meaning of the Act, regardless of the control exercised by the beneficiaries.

We think that under the provisions of the regulations just quoted and the decisions of this Board and the courts, petitioner is entitled to be taxed as a trust for the year 1924 and not as an association doing business as a corporation. We think the facts in the instant proceeding are similar to those in the *Wilson Syndicate Trust*, 14 B. T. A. 508, which was affirmed by the Circuit Court of Appeals, 5th Circuit, *Blair* v. *Wilson Syndicate Trust*, 39 Fed. (2d) 43.

In that case a mother, desiring to provide for her children, created a trust and conveyed a number of pieces of property to trustees with almost plenary powers as to disposition, control, lease and exchange of property. The trustees handled the properties for a number of years, improved some, and traded other parts for a number of years. The court held that the trust was not engaged in business as a corporation and was not taxable as such. The court there said:

It is contended that the test is whether the respondent was conducting a business and the beneficiaries had control of the trustees. To sustain this a number of cases dealing with the doing of business are cited. They need not be reviewed as it may be considered settled, within the meaning of the taxing laws, that if a corporation is doing that for which it was organized, for the purpose of earning profit, very slight activity is sufficient to constitute the doing of business. *Flint* v. *Stone Tracy Co.*, 220 U. S. 107. On the other hand, if a corporation is not organized for profit but merely to hold real estate for ultimate disposal and liquidation it is not doing business although it incidentally collects the rents and distributes them. *Zonne* v. *Minneapolis Syndicate*, 220 U. S. 187, *U. S.* v. *Emery, etc.*, 237 U. S. 28.

    \*       \*       \*       \*       \*       \*       \*

The difference between the respondent and the Massachusetts Trusts considered in *Hecht* v. *Malley, supra*, is very marked. The respondent was not organized for the purpose of doing business for profit nor for doing business at all. Its purpose was to liquidate and distribute an estate. The beneficiaries, other than its creator, had no vested interest in the property and no voice in instituting the trust. They received their distributive portions purely as donations from their mother and could not dispose of their interests, except by an equitable assignment of their rights, subject to the orderly administra-

tion of the trust. Such slight business activities as the trustee conducted were in furtherance of the ultimate purpose of liquidation and distribution. The similarity as to the provisions for terminating the trust, amending the deed and removing and electing trustees are hardly material as they are not unusual in express trusts.

See also *C. H. Atherton et al.*, 19 B. T. A. 1172; *Max Wolf et al.*, 10 B. T. A. 835.

It will be conceded that if the beneficiaries of the Wilson Trust, petitioner in this proceeding, had been the owners of the several tracts of real estate conveyed to the trustees and had organized themselves together in such a voluntary association for the purpose of renting and leasing the property, collecting and disbursing the rents, keeping up the improvements, selling some tracts and buying others, paying the expenses and distributing the profits, it would be an association carrying on a business and would be taxable as a corporation, regardless of the form of its organization or whether it was recognized as a partnership or trust in some States. *Lansdowne Realty Trust*, 20 B. T. A. 119; *Hecht* v. *Malley*, 265 U. S. 144; *Burke-Waggoner Oil Association* v. *Hopkins*, 269 U. S. 110. But where the facts show, as they do in this case, that the beneficiaries, save the grantor Walter H. Wilson, had no legal or equitable title to the property conveyed to the trustees, but were only the beneficiaries of an interest which their father was setting up in their behalf as a gift, and that the trust was created to hold and administer this interest, we think a different rule would apply. We think the distinction was correctly stated in *Blair* v. *Wilson Syndicate Trust, supra*, wherein the court said:

\* \* \* A distinction is to be made between an agreement between individuals in the form of a trust and an express trust created by an ancestor, although they may have some features in common. The controlling distinction is that one is a voluntary association of individuals for convenience and profit, the other a method of equitably distributing a legacy or donation. Congress has recognized this distinction, classing the former as associations, to be taxed as corporations, and at the same time providing for a separate and distinct method of taxing the income of estates and trusts created by will or deed, classing them together for that purpose. Section 219, Revenue Act of 1921 (42 Stat. 246).

Under the authorities above cited and section 704 (a) of the Revenue Act of 1928, and article 1504 of Regulations 65, Revenue Act of 1924, we hold petitioner was taxable for the year 1924 as a trust and not as a corporation.

*Judgment will be entered under Rule 50.*