WILLIAM H. DUNBAR, GEORGE R. NUTTER AND ESTHER FISKE HAMMOND, AS TRUSTEES OF THE FISKE & HAMMOND TRUST, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 43470, 43471, 45029. Promulgated December 8, 1931.

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

*Allison L. H. Newton, Esq.,* for the petitioners.
*J. M. Leinenkugel, Esq.,* for the respondent.

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

1116

OPINION.

MATTHEWS: The sole question presented for our consideration is whether the Fiske & Hammond Trust is a trust or an association taxable as a corporation. The years involved are 1924, 1925 and 1926. Since there is no evidence as to when the return for 1924 was filed, we need not consider the provisions of section 704 (a) of the Revenue Act of 1928, and it is clear that we are not concerned with the provisions of section 704 (b) thereof.

There have been numerous cases decided by this Board and the courts upon the question here involved in which the general principles have been discussed at length. As we pointed out in the case of *Morriss Realty Co.*, 23 B. T. A. 1076, there are three tests: (1) business purpose; (2) business operations; and (3) quasi-corporate

structure. The Supreme Court of the United States in the case of *Hecht* v. *Malley*, 265 U. S. 114, emphasized the test of business purpose and operation rather than that of structure; that is, the control or lack of control exercised by the beneficiaries. One of the organizations in that case, the Hecht Real Estate Trust, was established by the members of the Hecht family upon real estate in Boston, used for offices and business purposes, which they owned as tenants in common. The shares thereof were transferable. The court, in holding that the organizations involved therein were associations, said:

> The trustees of the Hecht and Haymarket Trusts earnestly rely, however, upon the decision in *Crocker* v. *Malley, supra,* as conclusively determining that they cannot be held to be " associations " unless the trust agreements vest the shareholders with such control over the trustees as to constitute them more than strict trusts within the Massachusetts rule. * * *
>
> \* \* \* \* \* \* \*
>
> It results that *Crocker* v. *Malley* is not an authority for the broad proposition that under an Act imposing an excise tax upon the privilege of carrying on a business, a Massachusetts Trust engaged in the carrying on of business in a quasi-corporate form, in which the trustees have similar or greater powers than the directors in a corporation, is not an " association " within the meaning of its provisions.
>
> We conclude, therefore, that when the nature of the three trusts here involved is considered, as the petitioners are not merely trustees for collecting funds and paying them over, but are associated together in much the same manner as the directors in a corporation for the purpose of carrying on business enterprises, the trusts are to be deemed associations within the meaning of the Act of 1918; this being true independently of the large measure of control exercised by the beneficiaries in the Hecht and Haymarket Cases, which much exceeds that exercised by the beneficiaries under the Wachusett Trust. We do not believe that it was intended that organizations of this character—described as " associations " by the Massachusetts statutes, and subject to duties and liabilities as such—should be exempt from the excise tax on the privilege of carrying on their business merely because such a slight measure of control may be vested in the beneficiaries that they might be deemed strict trusts within the rule established by the Massachusetts courts.
>
> That the Crocker Association is engaged in carrying on business within the meaning of the Act, is obvious. And so of the Hecht and Haymarket Trusts. A corporation owning and renting an office building is engaged in business within the meaning of an excise statute. *Flint* v. *Stone-Tracy Co., supra,* page 171 (31 Sup. Ct. 342) ; *Zonne* v. *Western Syndicate, supra,* at page 190 (31 Sup. Ct. 361.)

We do not see any distinction between the Fiske & Hammond Trust and the trust involved in the *Hecht* case. In the instant proceeding the property, with the exception of the building at 9 Harrison Avenue which was owned by Mrs. Hammond, was held by Mrs. Hammond and her brother, or by trustees in their behalf, as tenants in common. The building that was not owned by the parties as tenants in common was rented to the same tenant as one of the other

buildings. For convenience in the management of this property and in order to unify the title, the property was conveyed to trustees. The trustees were given very broad powers to purchase additional property, etc., although, as a matter of fact, their activities during the taxable years were confined to the collection of rentals, payment of taxes and insurance, collection of amounts due on the mortgage notes, the recording of receipts and disbursements, and the distribution to the beneficiaries. The leases on the properties had been entered into prior to the taxable years; in fact, prior to the execution of the trust agreement, and did not expire until 1928. The tenants made repairs under the leases and furnished their own heat and janitor service. Two of the buildings were sold soon after the execution of the trust and the only duties of the trustees in connection therewith were the collection of interest and payments due on the deferred purchase money notes. The only control exercised by the beneficiaries was the right to select a trustee in case of a vacancy, and the right to assent to any change in the trust instrument.

It is true that in some of the decided cases, organizations, the activities of which were similar to those of the Fiske & Hammond Trust, have been held to be trusts and not associations. However, a study of those cases shows that they involved situations where the trust was created primarily for the liquidation of property, some by an ancestor for his heirs, and some by heirs themselves. In the case of *C. W. Cowell Co.*, 21 B. T. A. 1274, we said:

In *Wilson Trust*, 20 B. T. A. 549, we endeavored to point out the distinction between a trust such as is created when an ancestor conveys property to trustees for the equitable benefit of designated beneficiaries and such a trust as the Hecht Real Estate Trust described in *Hecht* v. *Malley*, *supra*, and the trust described in the instant case, where persons who own property as tenants in common associate themselves together for their own convenience and profit for the purpose of holding title to property, collecting rents thereon, preserving the property, selling certain of the assets and reinvesting the proceeds, distributing the income and ultimately disposing of and distributing the property. In endeavoring to point out this distinction we quoted from *Blair* v. *Wilson Syndicate Trust*, 39 Fed. (2d) 43, wherein the court said:

* * * A distinction is to be made between an agreement between individuals in the form of a trust and an express trust created by an ancestor, although they may have some features in common. The controlling distinction is that one is a voluntary association of individuals for convenience and profit, the other a method of equitably distributing a legacy of donation. Congress has recognized this distinction, classing the former as associations, to be taxed as corporations, and at the same time providing for a separate and distinct method of taxing the income of estates and trusts created by will or deed, classing them together for that purpose. Section 219, Revenue Act of 1921 (42 Stat. 246).

We do not think the trust involved in the instant case can be classed as one falling within the classification involved in the *Wilson Syndicate Trust*, *supra*,

and *Wilson Trust, supra*, but is rather one where persons, members of the same family, owning property as tenants in common, have associated themselves together, under the designation of " C. W. Cowell Company," for purposes of convenience and profit, and although under the laws of Colorado such an association is classed as a partnership, it is, under the Revenue Act of 1924, an association taxable as a corporation.

And in *Wilson Trust, supra*, we said:

It will be conceded that if the beneficiaries of the Wilson Trust, petitioner in this proceeding, had been the owners of the several tracts of real estate conveyed to the trustees and had organized themselves together in such a voluntary association for the purpose of renting and leasing the property, collecting and disbursing the rents, keeping up the improvements, selling some tracts and buying others, paying the expenses and distributing the profits, it would be an association carrying on a business and would be taxable as a corporation, regardless of the form of its organization or whether it was recognized as a partnership or trust in some States. *Lansdowne Realty Trust*, 20 B. T. A. 119; *Hecht* v. *Malley*, 265 U. S. 144; *Burke-Waggoner Oil Association* v. *Hopkins*, 269 U. S. 110. But where the facts show, as they do in this case, that the beneficiaries, save the grantor Walter H. Wilson, had no legal or equitable title to the property conveyed to the trustees, but were only the beneficiaries of an interest which their father was setting up in their behalf as a gift, and that the trust was created to hold and administer this interest, we think a different rule would apply. * * *

We do not believe that the recent cases of *Commissioner* v. *Atherton*, 50 Fed. (2d) 740; *Lansdowne Realty Trust Co.* v. *Commissioner*, 50 Fed. (2d) 56; and *Gardiner* v. *United States*, 49 Fed. (2d) 992, are controlling in this proceeding. In the *Atherton* case the trust was created for the sole purpose of selling property owned by a public utility corporation. The market for such real estate was not in a good condition at that time, but the property was sold by the trustees as rapidly as possible. In the *Lansdowne* case the trust was created to succeed another trust. The property was conveyed to the trust " in trust to convert the same into money," and to manage it, " pending final conversion and distribution of the property." The other provisions of the trust instrument were very similar to the one in this proceeding and the activities of the trustees were practically the same. In the *Gardiner* case the trust was created under a decree of a probate court in order to wind up an estate. In both of these latter cases the court, in holding the organizations to be trusts, emphasized the fact that the trustees were merely collecting the rents and paying them over and were not engaged in business. Such is the situation here, but we have this difference, that the Fiske & Hammond Trust was created to hold property in a common title for convenience and not primarily for liquidation. The trustees had the power to sell but it does not appear that this was the primary purpose of its creation; thus, the situation is similar to that in the *Cowell* case, *supra*.

We are, therefore, of the opinion that the Fiske & Hammond Trust is an association taxable as a corporation.

The fact that the respondent for purposes of the capital-stock tax held that this organization was not an association is not material. The letter so holding was written on April 14, 1923, prior to the time the return for 1924 was due, and the regulations of the Commissioner in force at that time were later changed. Moreover, we have held that the Commissioner may change his position on a question of law and make a redetermination of the amount of tax due at any time prior to the expiration of the statutory period of limitations. See *Frances P. McIllhenny et al., Executors*, 13 B. T. A. 288, affd., 39 Fed. (2d) 365; *Stein-Bloch Co.*, 23 B. T. A. 1161.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

TRAMMELL dissents.